UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY JOEL JUDY,
an individual,

       Plaintiff,

vs.

HYGATE PROPERTIES, LLC,
a Florida Limited Liability Company,

       Defendant.
_____

CASE NO.: 2:25-cv-974

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, JEFFREY JOEL JUDY, by and through his undersigned counsel, hereby files this Complaint and sues HYGATE PROPERTIES, LLC, a Florida Limited Liability Company, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

1

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

3. Plaintiff, JEFFREY JOEL JUDY, (hereinafter referred to as "Mr. Judy") is a resident of the State of Florida in Lee County.

4. Plaintiff was injured in a motorcycle accident and is paralyzed from the waist down. Additionally, Plaintiff is a double leg amputee. Due to his injuries, Mr. Judy is a T8-T9 paraplegic and uses a wheelchair as his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking, standing and bending and requires a wheelchair for mobility.

6. Defendant, HYGATE PROPERTIES, LLC, (hereinafter referred to as "Defendant"), is a Florida Limited Liability Company and is the owner/operator of the real property and improvements which are the subject of this action, to wit: Moorings Plaza, generally located at 1801 9th St. N, Naples, FL 34102 (the "Property").[1] Defendant is responsible for complying with the obligations of the ADA.

---

[1] A prior owner of this property was previously sued for similar violations of Title III of the ADA in 2016. *See Kennedy v. Arena et al*, Case# 2:16-cv-00093-JES-CM. However, due to either non-compliance with that prior consent decree, the passage of time or otherwise, the property as it exists today contains numerous barriers to access for disabled individuals including Mr. Judy.

7. All events giving rise to this lawsuit occurred in the Middle District of Florida, in Collier County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a shopping plaza with numerous stores which are open to the public, is consequently a place of public accommodation subject to the ADA.

10. Plaintiff has visited the Property discussed herein several times over the last year and plans to visit again in the near future because he frequently travels to the Naples area. The Property is located about forty-three (43) miles from Plaintiff's residence which takes approximately fifty (50) minutes to reach by car. Plaintiff most recently visited the Property in mid-October, 2025.

11. During his visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

13. Plaintiff desires to visit the Property because he is frequently in the Naples area and enjoys the stores located there but fears that he will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq.* and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered his access:

    A. Plaintiff personally encountered that all three (3) of the intended ADA parking spaces throughout the Property (near Panda Pavillion and Carol's Jewelry) were inaccessible due to large built-up curb ramps which protrude into the access aisles of each of the parking spaces. The protruding ramps cause slopes well in excess of 1:48 within the ADA spaces and their access aisles. These conditions were a dangerous falling hazard for the Plaintiff as he attempted to park and load into and out of his vehicle on the sloped and obstructed ground surfaces.

    B. Plaintiff personally encountered an inaccessible ADA parking space near the Panda Pavillion due to the irregular triangular shape of the access aisle which fails to provide five (5) foot width for the entire length of the space.

  C. Plaintiff personally encountered two (2) inaccessible curb ramps leading from the ADA parking spaces to the Property sidewalk (same ramps as noted above which protrude into the ADA parking spaces) due to excessive running slopes and steep side flare slopes. These conditions were a dangerous falling hazard for the Plaintiff as he attempted to maneuver onto the sidewalk via these ramps.

15. To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron because he enjoys the stores located there and because he is frequently in the Naples area, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, structurally feasible, and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

    A.    That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

    B.    That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

  D.  That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

  E.  That this Court awards such other and further relief as it deems necessary, just and proper.

Date: October 29, 2025.

          Respectfully Submitted,

          KU & MUSSMAN, P.A.
          18501 Pines Blvd, Suite 362
          Pembroke Pines, Florida 33029
          Tel: (305) 891-1322
          Fax: (954) 686-3976
          Louis@kumussman.com

          By: */s/ Louis I. Mussman*
          Louis I. Mussman, Esq. (Lead Counsel)
          (FL Bar # 597155)